Billy C. Wilkins #817648
1050 W. Commerce
Brownwood, Texas 76801

39,583-43

JUDGE ELSA ALCALA                                    November 07, 2015
Court of Criminal Appeals of Texas
Supreme Court Building
201 West 14th Street, Room ?
Austin Texas 78701

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 12 2015

Abel Acosta, Clerk

In Re: Cause No. WR-39,583 Trl. Ct. No. 13,872

Dear Judge Alcala,

I write this letter to you to throw myself upon your mercey in hopes you will read this letter and at least look into the matter, Your Honor, I'm no lawyer, God help me I've had to try. I begged assistance for years to be only turned down by all innocent projects. Way back many years ago the clerk of the 35th District Court here in Brownwood sent a copy of the entire Court Record to the clerk there. Right after the Court of Appeals for the Eleventh District Affirmed the conviction I was alone with no assistance from any attorney. In cause number 39,583-02 I challenge this conviction in presenting the official investigation offense report in showing I am innocent of the crime in which I was convicted. Your Court dismiss the application for a writ of habeas corpus without a written order. I didn't know much law back then. Along in 2002 a Ruby Lee Smith had obtained from the district court clerk Jan Brown a copy of the State's complaint for an arrest warrant of Larry Dale Smith the perpatrator of this crime. She mailed this to me while I was at William P. Clements Unit at Amarillo. After carefully looking it over, from the file stamp on its face, I wrote a letter to Justice of the Peace Ronnie Lappe here in Brownwood. I ask Ronnie for a copy of any complaint filed in his court by the district attorney brought against me. When I received it, it was the same exact complaint as was filed with Larry Dale Smith on it. Then I learnt because of this

complaint the indictment charging Larry with this offense had been dismissed. I studied and studied in the law library trying my best to understand what the error was. I admit, every time I thought I was right I present another application for a writ of habeas corpus, CR-13,872-C,D,E,F,G,H, &I. All dismiss without a written order. I contacted the trial attorney Scott Steele. To my surprise he did answer my letter. He suggest I read Peterson V. State, 781 S.W. 2d 933 (Tex. Crim. App. 1989); State V. Martin, 833 S.W. 129 (Tex, Crim, App. 1992); all of chapter 21 of the Texas Code of Crim. Proc. So I do, I thought I understood and wrote up application 13,872-J showing I had been denied effective assistance of counsel. Your Court contact Jan Brown the 35th District Court Clerk and inform her your court was to dismiss the conviction. Several days later your clerk contact Jan Brown again and told her they decided to dismiss the application because I had left one thing out of that application. Without allowing me any opportunity to try learn what the one thing was I'd left out a order was issued instructing the clerk not to except another application by me.

Your Honor, after reading your opinion set out in Ex parte Sledge, 2013 Tex. Crim. App. LEXIS 156 (Tex. Crim. App. January 16, 2003), gave me hope. This was when I wrote up application for writ of habeas corpus 13,872-AH. It was dismissed without a written order because of the order set out above. The Court wasn't even given the opportunity to even look over this application. Your Honor, the investigation offense report was made Court Record in Defendant's Exhibit One Volume V S.E. It contains no fact whatsoever about I having been involved in this offense. I challenged the conviction on the basis of having been denied adequate representation, for not investigating the facts and arguing to the court about my innocence. Second, I challenged the conviction on the basis that trial

counsel was inadequate because he failed to investigate the facts and present to the Court a Motion To Suppress Evidence because the arrest warrant was not based on probable cause. Third, I challenged the conviction on the basis that trial counsel was inadequate because he failed to investigate the facts and show the Court that the District Attorney amend the affidavit that brought him to be the accuser for the information he charged in the affidavit. Now Your Honor, I knew for so long I was confussed about this variance between the information and the complaint on which it was based. However, the information that the Affiant's belief is based on contains a lie. "Located in the vehicle was a VCR, and a digital satellite receiver," is a lie. No such fact was stated in the investigation offense report. However, this isn't the variance in which causes the affidavit to be defective. In the affidavit the affiant fails to recite Article 15.05 §2 of the requisites. Therefore the affiant doesn't charge the accused with an offense. So the district attorney "amend" the affidavit and charged penal code §30.02 (a)(3). The facts surrounding the offense in which the affiant should of charged was omitted and replaced with the statute charging the offense. A variance between the information and the complaint on which it is based as to the offense charged is fatal to the validity of the information. Assistant District Attorney Craig Willingham was the accuser for the statute charged rather than Vance Hill the investigator. The prosecuting attorney was the accuser for the statute charged in the indictment. When the contaminamated portion is removed from the indictment there are no indictment and the judgment and sentence was entered into record without authority of jurisdiction.

All I'm asking is please allow me to present to you for you to read first, a Petition For A Writ of Mandamus. If it does not meet the qualifications for filing then just please return it to me. You will find

attached to 13,872-AH this complaint I complain of, the investigation offense report in which is of Court Record and the indictment in which also is of Court Record, You can determine from the investigation offense report it was this Larry Dale Smith who committed this crime but the charge was dismissed. I was not involved in this crime with this Larry Dale Smith. The District Attorney had to lie to ever show probable cause, But then he had to amend the affidavit to even charge me with this crime. The Indictment is fatally defective and the trial court never had jurisdiction to adjudicate the guilt and enter sentence against me.

Your Honor please, all I'm asking is a little of your time to look over the facts submitted in 13,872-AH application for writ of habeas corpus and consider the trial courts jurisdiction.

Thank you Ma'am for your time and I appreciate your help with this matter.

Respectfully yours,
Billy C. Wilkins